## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Art Van Furniture, LLC*, et al.,*[1] | ) | Case No. 20-10553 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| ————————————————— | ) | |
| | ) | |
| Alfred T. Giuliano, in his capacity as Chapter | ) | |
| 7 /trustee of Art Van Furniture, LLC, *et al*., | ) | |
| | ) | Adv. Proc. No. 22-50206-CTG |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PCMG, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| ————————————————— | ) | |

## ANSWER TO COMPLAINT

PCMG, Inc. ("Defendant"), by and through undersigned counsel, hereby answers the

*Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 &*

*550* (the "Complaint") filed by Alfred T. Giuliano, in his capacity as Chapter 7 Trustee of Art Van

Furniture, LLC, et al. ( "Plaintiff" or "Trustee") on or about March 2, 2022 (the "Complaint").

Defendant denies each and every allegation contained in the Complaint, except those which are

specifically admitted in this Answer. In further response to the allegations contained in the

Complaint, Defendant states as follows:

## THE PARTIES

1.      Defendant admits the allegations in paragraph 1 of the Complaint.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of. Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

2.      Defendant admits paragraph 2 of the Complaint.

3.      Defendant admits paragraph 3 of the Complaint.

### JURISDICTION AND VENUE

4.      Defendant admits paragraph 4 of the Complaint.

5.      Defendant admits paragraph 5 of the Complaint.

6.      Paragraph 6 does not contain any factual allegations, therefore no response is required. To the extent that these allegations are intended to be factual, Defendant denies the allegations.

7.      Defendant admits that venue is proper in this Court.

### BASIS FOR RELIEF REQUESTED

8.      Paragraph 8 does not contain any factual allegations, therefore no response is required. To the extent that these allegations are intended to be factual, Defendant denies the allegations.

### FACTS

9.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 9 of the Complaint and, therefore, denies the same.

10.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 10 of the Complaint and, therefore, denies the same.

11.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 11 of the Complaint and, therefore, denies the same.

12.      Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 12 of the Complaint and, therefore, denies the same.

### FIRST CLAIM FOR RELIEF

**(Avoidance of Preferential Transfers – 11 U.S.C. § 547)**

13.      Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

14.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 14 of the Complaint and, therefore, denies the same.

15.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 15 of the Complaint and, therefore, denies the same.

16.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 16 of the Complaint and, therefore, denies the same.

17.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 17 of the Complaint and, therefore, denies the same.

18.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 18 of the Complaint and, therefore, denies the same.

19.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 19 of the Complaint and, therefore, denies the same.

20.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 20 of the Complaint and, therefore, denies the same.

21.     Defendant admits the allegations in paragraph 21 of the Complaint.

22.     Defendant denies the allegations in paragraph 22 of the Complaint.

## SECOND CLAIM FOR RELIEF

### (For Recovery of Property – 11 U.S.C. § 550)

23.     Defendant restates and incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

24.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24 of the Complaint and, therefore, denies the same.

25.     Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25 of the Complaint and, therefore, denies the same.

Defendant denies any factual allegations contained within Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES TO COMPLAINT
## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1.       The Complaint, and each purported claim alleged therein, fails to set forth facts sufficient to state a claim against Defendant.

## SECOND AFFIRMATIVE DEFENSE

(11 U.S.C. § 547(c) – Contemporaneous Exchange)

2.       To the extent that the Trustee can prove the elements of a claim under 11 U.S.C. § 547(b), any and all defenses under 11 U.S.C. § 547(c) apply to preclude any relief, including without limitation, that all transfers were made and exchanged: for contemporaneous new value.

## THIRD AFFIRMATIVE DEFENSE

(11 U.S.C. § 547(c) – Ordinary Course)

3.       To the extent that the Trustee can prove the elements of a claim under 11 U.S.C. § 547(b), any and all defenses under 11 U.S.C. § 547(c) apply to preclude any relief, including without limitation, that all transfers were made and exchanged: in the ordinary course of business or financial affairs.

## FOURTH AFFIRMATIVE DEFENSE

(11 U.S.C. § 547(c) – New Value)

4.       To the extent that the Trustee can prove the elements of a claim under 11 U.S.C. § 547(b), any and all defenses under 11 U.S.C. § 547(c) apply to preclude any relief, including without limitation, that all transfers were made and exchanged: for subsequent new value.

## FIFTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

5.       Defendant reserves the right to amend its affirmative defenses.


**WHEREFORE**, Defendant respectfully requests the following relief:

(1)      That Plaintiff's Complaint be dismissed with prejudice;

(2)    That Plaintiff take nothing by virtue of the Complaint;

(3)    That judgment be entered in favor of Defendant;

(4)    That the Court award Defendant its costs, and its attorneys fees' and expenses; and

(5)    That the Court award such other relief as is just and proper under the circumstances.

Dated:  June 21, 2022
Wilmington, Delaware

Respectfully submitted,

_/s/ Leslie C. Heilman_
Leslie C. Heilman, Esq. (DE No. 4716)
Laurel D. Roglen, Esq. (DE No. 5759)
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, DE  19801
Telephone:  (302) 252-4446
Facsimile:  (302) 355-0713
E-mail:  heilmanl@ballardspahr.com
            roglenl@ballardspahr.com

                and

Craig Solomon Ganz
Katherine E. Anderson Sanchez
Ballard Spahr LLP
1 E. Washington Street, Suite 2300
Phoenix, Arizona 85004
Telephone:  (602) 798-5400
Facsimile:  (602) 798-5595
E-mail: ganzc@ballardspahr.com
            andersonsanchezk@ballardspahr.com

## **CERTIFICATE OF SERVICE**

I, Leslie C. Heilman, Esquire, hereby certify that on this 21st day of June, 2022, I caused a true and

correct copy of the foregoing pleading to be served by electronic notice upon all parties registered to

receive notice via CM/ECF in this matter, as well as by First-Class Mail upon the following counsel for

Plaintiff:

> Bradford J. Sandler
> Andrew W. Caine
> Jeffrey P. Nolan
> Peter J. Keane
> PACHULSKI STANG ZIEHL & JONES LLP
> 919 North Market Street, 17th Floor
> P.O. Box 8705
> Wilmington, Delaware 19899-8705 (Courier 19801)

Dated:  June 21, 2022
Wilmington, Delaware

/s/ Leslie C. Heilman
Leslie C. Heilman (DE No. 4716)
BALLARD SPAHR LLP